UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAM TRAN,

           Plaintiff,

    v.

UNITED STATES GOVERNMENT,

           Defendant.

CASE NO. 3:23-CV-5281-BHS

REPORT AND RECOMMENDATION

Noting Date: April 28, 2023

The District Court has referred Plaintiff Tam Tran's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On April 4, 2023, Tran filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-2.

In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds Tran has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be dismissed with prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

**Review of the Proposed Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Tran filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Tran the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In his proposed complaint, Tran names the United State Government as the sole defendant. Dkt. 1-2. The proposed complaint appears to challenge the Civil Rights Act of 1964 and requests damages and that the United States President resign. *Id*.

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a

claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision).

Tran names the United States Government as the sole defendant in this case. Dkt. 1-2. Tran appears to be attempting to file a § 1983 action. The Government cannot be sued under §1983. *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either [42 U.S.C. §§ 1983 or 1985] that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions."). Furthermore, Tran cannot maintain a Bivens action against the Government. *Teplitsky v. Dep't of Justice*, 127 F.3d 1106 (9th Cir. 1997) ("A Bivens action cannot be maintained against a federal agency.").

Moreover, "[t]he United States, including its agencies and employees, can be sued only to the extent that it has expressly waived its sovereign immunity." *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). "The party who sues the United States bears the burden of pointing to ... an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Tran has not shown any waiver of immunity by the United States that would allow him to sue the United States Government for these claims.

For these reasons, this case has no arguable basis in law or fact. Therefore, the proposed complaint should be dismissed as frivolous and for failure to state a claim.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

1    prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In

2    this case, any attempt by Tran to amend the proposed complaint would be futile. As such, the

3    Court finds Tran should not be afforded leave to amend his proposed complaint.

4         **Decision on Application to Proceed IFP.** A district court may deny leave to proceed

5    IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous

6    or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l*

7    *Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). The proposed complaint is frivolous and

8    entirely without merit. Based upon the above analysis of the deficiencies in the proposed

9    complaint, the Court recommends Tran's Application to Proceed IFP (Dkt. 1) be denied.

10        **IFP on Appeal.** In the event that Tran appeals any order entered in this case and/or

11   appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to

12   Tran to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

13        **Conclusion.** For the above stated reasons, the undersigned recommends Tran's

14   Application to Proceed IFP (Dkt. 1) be denied, this case be dismissed with prejudice as frivolous

15   and for failure to state a claim, and any IFP status on appeal be denied without prejudice to Tran

16   to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

17        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

18   fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

19   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

20   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

21   objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

22   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

23

24

1  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

2  April 28, 2023, as noted in the caption.

3        Dated this 13th day of April, 2023.

4

5                                           David W. Christel
                                            Chief United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24